UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY M. SCRIPO, | : |
|     Plaintiff, | : |
| v. | :    3:09-cv-1626 (WWE) |
| GINA M. McCARTHY, FORMER | : |
| COMMISSIONER OF CONNECTICUT | : |
| STATE DEPARTMENT OF | : |
| ENVIRONMENTAL PROTECTION, | : |
| in her individual capacity, | : |
| AMEY W. MARRELLA, COMMISSIONER | : |
| OF CONNECTICUT STATE DEPARTMENT | : |
| OF ENVIRONMENTAL PROTECTION, in her | : |
| official and individual capacity, and | : |
| TIMOTHY W. HILL, OFFICER CONNECTICUT | : |
| STATE DEPARTMENT OF ENVIRONMENTAL | : |
| PROTECTION, in his official and individual | : |
| capacities, | : |
|     Defendants. | : |

## RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Anthony Scripo seeks a preliminary injunction to enjoin defendants from enforcing against him or other similarly-situated persons "any state law or regulation that would prevent him from discharging a firearm to defend his life, property and premises, when such use of a firearm would be justified . . . as reasonable physical force" to protect life property and premises.

Defendants move for denial of the motion for preliminary injunction on the ground that plaintiff cannot satisfy the standard for such injunctive relief.

## BACKGROUND

The following facts are reflected in the affidavit and evidentiary materials supporting the motion for preliminary injunction.

Plaintiff has owned his property in Barkhamsted, Connecticut since 1986. In

1

April 2007, plaintiff heard a noise coming from the area of a bird feeder station on his property. He then observed a bear ripping apart the bird feeder. Plaintiff retrieved his gun and shot one round, injuring the paw of the bear. The bear retreated.

Plaintiff was later charged with negligent hunting in the fourth degree and the illegal hunting or shooting of a black bear pursuant to Connecticut General Statutes § 53a-217e and Connecticut State Agencies Regulations § 26-66-3(f). Plaintiff states that the absence of state law allowing him the affirmative defense of justification compelled him to apply for the Accelerated Rehabilitation program.

He represents that he has continued to see bears, including a large bear breaking part of the bird feeding station. He claims that a bear has also damaged fences on the premises and that bears endanger his family and his dog.

In April 2009, plaintiff petitioned the state Department of Environmental Protection Commissioner Gina M. McCarthy concerning the applicability of a justification defense for taking wildlife to defend persons or property. The DEP responded that it would not enforce hunting laws when a person uses deadly force upon a bear or other wildlife in self-defense or defense of a third person. The DEP concluded that it would be of little use to issue rulings regarding the justification defense as requested by plaintiff.

## DISCUSSION

With this motion, plaintiff seeks to enjoin the state from charging him with violation of a state law violation should he need to shoot a bear. He asserts that it is inevitable that a Connecticut resident will be killed by a bear if the state is not enjoined

from enforcing its hunting law. Plaintiff's motion for preliminary injunction fails.

A party seeking a preliminary injunction must show irreparable harm and either likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. Citigroup Global Mkts. v. VCG Special Opportunities Master Fund Limited, 598 F.3d 30, 35 (2d Cir. 2010).

Here, plaintiff's claim is based on a speculative risk of harm that is insufficient to establish that irreparable injury will occur. A clear showing of the threat of irreparable harm that is neither remote nor speculative is essential to justify a preliminary injunction. Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002). A possibility of irreparable injury is not enough. JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 2009). Further, plaintiff has no likelihood of success on the merits since he requests the Court to enjoin the state from proceeding with a future criminal action. This Court is not empowered to intefere with a future state criminal action. Rizzo v. Goode, 423 U.S. 362, 378-381 (1976).

Accordingly, the motion for preliminary injunction will be denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motions for a preliminary injunction and for a hearing [docs. # 14 and 21] are DENIED.

Dated at Bridgeport, Connecticut, this 20th day of September, 2010.

_____/s/_____
Warren W. Eginton
Senior United States District Judge